IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 2:18-cr-22 |
| STEPHEN MICHAEL KELLY; MARK PETER COLVILLE; CLARE THERESE GRADY; MARTHA HENNESSY; ELIZABETH McALISTER; PATRICK M. O'NEILL; and CARMEN TROTTA, | |
| Defendants. | |

## **O R D E R**

This matter is before the Court on the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.*, issues raised in Defendants' Motions to Dismiss Indictment, (docs. 87, 102, 118, 122, 141, 158, 171), and the Government's Post-Hearing Supplement response to these issues, (doc. 214), as well as Defendant McAlister's Post-Hearing Supplement reply to the Government regarding her RFRA defense, (doc. 215). On August 2, 2018, the Court held a motions hearing, (doc. 212), regarding Defendants' Motions to Dismiss and Motions for Discovery of Witness Statements, to Preserve Evidence, and to Participate In and Conduct *Voir Dire*, (docs. 192–94, 196–98, 200–01; see also docs. 122, 125, 128, 131).[1] The Government filed a Motion for Reciprocal Discovery. (Doc. 189; see also doc. 201.) For the reasons and in

---

[1] The Motions noticed for the August 2, 2018 hearing, (docs. 122, 125, 128, 131, 192), were all filed by Defendant Clare Therese Grady. However, each Co-Defendant in this matter also filed identical Motions to Dismiss Indictment, for Discovery of Witness Statements, to Preserve Evidence, and to Participate In and Conduct *Voir Dire*. (Docs. 87, 102, 118, 141, 158, 171 (Dismiss Indictment); docs. 94, 100, 109, 143, 160, 181 (Witness Statements); docs. 90, 104, 106, 157, 161, 172 (Preserve Evidence); docs. 91, 111, 119, 155, 167, 173 (*Voir Dire*)). Defendants' Motions for Discovery of Witness Statements, to Preserve Evidence, and to Participate In and Conduct *Voir Dire* will be discussed in Section II below.

In addition, Defendants filed a host of other various pretrial Motions. (Docs. 85, 92, 93, 95–99, 101, 103, 105, 107–08, 110, 112, 114–17, 121, 124, 126–27, 129–30, 132–34, 142, 145, 147, 149, 151, 154, 156, 159, 162–66, 168, 170, 174–80.) As stated on the record at the hearing, (doc. 212), and pursuant to the Court's Notice to Counsel, (docs. 38), the Court **DISMISSES as moot** these other pretrial Motions.

the manner set forth below, the Court **DISMISSES as moot at this time** Defendants' Motions for Discovery of Witness Statements, (docs. 94, 100, 109, 125, 143, 160, 181), **GRANTS** Defendants' Motions to Preserve Evidence, (docs. 90, 104, 106, 128, 157, 161, 172), **DISMISSES as moot** Defendants' Motions to Participate In and Conduct *Voir Dire*, (docs. 91, 111, 119, 131, 155, 167, 173), and **GRANTS** the Government's Motion for Reciprocal Discovery, (doc. 189). Further, the Court **DEFERS** ruling on Defendants' Motions to Dismiss Indictment, (docs. 87, 102, 118, 122, 141, 158, 171), and **ORDERS** the parties to submit supplemental briefing regarding the RFRA defense asserted by Defendants in this case.

## I.   Defendants' RFRA Defense

In their Motion to Dismiss Indictment and supporting Brief, (docs. 122, 123),[2] Defendants raise several arguments for dismissal: selective or vindictive prosecution; duplicitous and multplicitous counts; failure to state an offense under international and domestic law; and, most pertinent here, discriminatory and unlawful prosecution under RFRA. Defendants argue their "symbolic disarmament" of nuclear weapons at Naval Submarine Base Kings Bay in Saint Marys, Georgia, was an exercise of their sincerely held Catholic beliefs and was thus protected by RFRA. (Doc. 123, pp. 21–24.) Pursuant to RFRA, Defendants contend that the Government must show its prosecution of them is the least restrictive means of furthering a compelling governmental interest and that the Government has failed to make this showing. (Id. at p. 22 (quoting 42 U.S.C. § 2000bb-1).)

The Government's initial, albeit misstated,[3] position was that the United States Supreme Court "has never held that an individual's religious belief can effectively excuse him from

---

[2] As noted in footnote 1, Defendants have filed identical motions on each of their own behalves. For ease of reference, the Court cites to Defendant Grady's Motion to Dismiss Indictment and supporting Brief.

[3] See, e.g., Gonzalez v. O Centro Espirita Beneficente Uniao de Vegtal, 546 U.S. 418, 423, 434–37, 439 (2006) (upholding a preliminary injunction, under RFRA, that granted an exemption to enforcement of

compliance with laws that prohibit certain criminal conduct" and that Defendants must "comply with 'valid and neutral law[s] of general applicability,'" like those at issue here. (Doc. 190, pp. 5–7 (quoting Employment Division, Department of Human Resources of Oregon v. Smith, 494 U.S. 872, 878–79 (1990)).) The Government's reliance on constitutional Free Exercise Clause jurisprudence in responding to Defendants' RFRA defense appears misplaced, as Congress enacted RFRA to statutorily restore the strict scrutiny test that was overturned by the Supreme Court's decision in Employment Division v. Smith. O Centro, 546 U.S. at 424, 429–31 (citations omitted). Thus, the rule pronounced in Employment Division v. Smith, which the Government relied upon in its response brief, is inapplicable to RFRA.

At the August 2, 2018 motions hearing, counsel for both the Government and Defendants represented to the Court that Defendants' RFRA claim as a defense to criminal prosecution was an issue of first impression and that the applicability of RFRA to federal criminal law was an open question. (Doc. 212.) Subsequent to the hearing, however, the Government filed Supplemental Briefing that acknowledged RFRA's applicability to criminal prosecutions and its availability as a defense. (Doc. 214 (citing United States v. Christie, 825 F.3d 1048 (9th Cir. 2016)).) The Government now contends that Defendants' actions in this case were not religious in nature and thus not protected by RFRA, and even assuming they were, the Government contends it has a compelling interest in protecting Naval Submarine Base Kings Bay, a sensitive military installation, and prosecuting Defendants is the least restrictive means to protect that interest. (Id.) In their Response, Defendants assert that the Government erroneously defends its prosecution on the notion that the laws at issue are "generally applicable."[4] (Doc. 215, pp. 2–3.)

---

the Controlled Substances Act against members of a church who received communion by drinking *hoasca*, a Schedule I illegal drug).

[4] The Government's present position appears to conflate, at least in part, the more exacting statutory test under RFRA with the inapplicable constitutional test under Employment Division v. Smith. (See Doc.

Defendants further contend the Government has not met its burden under RFRA and its progeny of cases, arguing that, "at a minimum," the government must address the Defendants' proposed alternatives to prosecution. (Id. at pp. 3–4 (citations omitted).)

Under RFRA, the Government may not "substantially burden a person's exercise of religion, 'even if the burden results from a rule of general applicability.'" O Centro, 546 U.S. at 424 (quoting 42 U.S.C. § 2000bb-1(a)).  To make a prima facie RFRA claim, Defendants must show that application of the laws at issue here would "(1) substantially burden (2) a sincere (3) religious exercise." Id. at 428 (citation omitted). The only exception to the religious protection afforded by RFRA "requires the Government to satisfy the compelling interest test—to 'demonstrate that application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." Id. (quoting 42 U.S.C. § 2000bb-1(b)).  The Government must "address the particular practice at issue," id. at 439, and show that Defendants' proposed less restrictive alternatives are less effective than enforcing the statutes charged in this matter, id. at 429 (citing Ashcroft v. American Civil Liberties Union, 542 U.S. 656, 665–66 (2004)).  If the Government fails to carry its burden under RFRA, the Court may order "appropriate relief" in favor of the religious objector against the Government. 42 U.S.C. § 2000bb-1(c).

After reviewing both the Government and Defendants' briefing on RFRA, the Court finds additional supplemental briefing is warranted in order to fully address the complex and particularized issues raised by Defendants' RFRA defense.  The record in this case has not been sufficiently developed to allow the Court to rule on this critical issue.  Accordingly, the Court **DEFERS** ruling on Defendants' Motion to Dismiss Indictment and **ORDERS** the Government

---

214, p. 2 ("[T]he government could not achieve its compelling interest in protecting Naval Submarine Base Kings Bay . . . while exempting the defendants from complying with *generally applicable laws* against trespass and destruction of property." (emphasis added)).)

4

to submit a brief in accordance with the below requirements within **twenty-one (21) days** from the date of this Order; within **twenty (21) days** after service of the Government's brief, Defendants shall serve and file a brief that responds to the Government's position and is in accordance with the requirements set forth herein.[5]

To that end, the Court **DIRECTS** the parties: to thoroughly address each of the elements of the RFRA test set forth above; to consider and take into account the RFRA principles announced in Gonzalez v. O Centro Espirita Beneficente Uniao de Vegtal, 546 U.S. 418 (2006) and United States v. Christie, 825 F.3d 1048 (9th Cir. 2016); and to review the RFRA briefing at Brs., United States v. Scott Daniel Warren, 4:18-cr-223 (D. Ariz. Apr. 2; May 2; June 21; July 5 & 6, 2018), ECF Nos. 45, 62, 88, 96, 99.[6] In directing this supplemental briefing, the Court has determined that the ends of justice in fully developing this RFRA issue outweigh the best interest of the public and Defendants in a speedy trial under the Speedy Trial Act. In light of the complex and nuanced nature of a RFRA defense to the facts of this case, the Court concludes that a continuance under the Speedy Trial Act is necessary for adequate preparation of each side's RFRA arguments.

**II.     Defendants' Pending Pretrial Motions and the Government's Motion for Reciprocal Discovery (Docs. 125, 128, 131, 189, 191)**

   **A.     Motion for Discovery of Witness Statements (Docs. 125, 191)**

In their Motion, Defendants seek "a list of all military personnel on base at the time of the alleged offenses, all oral and written statements of such witnesses, including any hand-written

---

[5] At the hearing, Defendants relied upon the arguments of other Defendants and their counsel in support of their individualized motions to dismiss. (Doc. 212.) Defendants may do the same when filing this responsive brief. However, to be clear, each Defendant is entitled to file a responsive brief setting forth arguments on behalf of that Defendant individually.

[6] Other instructive RFRA criminal defense cases include: United States v. Hutson, No. 16-CR-00186-MSK-GPG, 2018 WL 345316 (D. Colo. Jan. 10, 2018); United States v. Epstein, 91 F. Supp. 3d 573 (D.N.J. 2015); and United States v. Martines, 903 F. Supp. 2d 1061 (D. Haw. 2012).

notes of any government agents who will be called as witnesses." (Doc. 125.) At the hearing, however, Defendants stated this Motion primarily concerns accessing the naval premises in question to view the alleged damage and repairs. (Doc. 212.) Defendants narrowed their discovery request to the names of civilians or personnel who were involved with determining the value of the property damage at issue in this case, which is estimated by the Government to be approximately $30,000. The Government responded that it intends to produce a statement of damages and to identify, and make available for interview, the person who estimated the damage and repair amount regarding the property allegedly defaced by Defendants. However, the Government opposes Defendants' request to access to Naval Submarine Base Kings. By their Motion, Defendants seek either personal access to view the damaged premises at the base or for an expert to have access in order to independently evaluate the amount of property damage, or both. (Id.)

As stated on the record at the hearing, the Court will withhold ruling on Defendants' present request for physical access to the naval base and instead **DIRECTS** counsel for Defendant Grady, Ms. Stephanie R. Amiott McDonald, to coordinate discussions with counsel for the Government regarding discovery of information relevant to the value of the alleged damage. Ms. McDonald shall communicate with the other defense counsel and *pro se* Defendants regarding those discussions. Each Defendant shall then evaluate whether the information to be produced by the Government on this issue—a statement of damages and to make the person who estimated the damage cost available for interview—is sufficient for Defendants to make their own damage valuation and to contest the amount of damages claimed by the Government. The Government and Ms. McDonald shall report back to the Court regarding whether there remains a discovery dispute on this issue following the Government's production of the valuation information. Following that report, the Court will afford all

6

Defendants an opportunity to communicate whether, in light of the information provided by counsel for the Government and Ms. McDonald, such information is sufficient. The Court will determine whether the access issue has been mooted and whether there has been sufficient information produced to allow for argument on this issue at trail or whether this discovery issue needs to be further litigated. Accordingly, the Court **DISMISSES as moot at this time** Defendants' Motion for Discovery of Witness Statements.

The Court notes that, under Federal Rule of Criminal Procedure 16(a), each Defendant retains his or her right to request access to Naval Submarine Base Kings Bay for inspection of the property at issue, irrespective of Ms. McDonald's determination. Should any Defendant still seek such access following Ms. McDonald's report, the Court will determine whether, and to what extent, access should be granted at that time.

### B. Motion for Preservation of Evidence (Doc. 128, 191)

Defendants seek preservation of "all evidence" the in the Government's possession or which Government intends to use at trial. (Doc. 128.) The Government does not oppose preservation, but it does not consent to making such materials discoverable unless Defendants make a threshold showing of relevancy and need. (Doc. 191.) At the hearing, Defendants stated that they only seek the preservation of evidence and are not requesting an order for disclosure of any disputed evidence at this time. (Doc. 212.) Accordingly, the Court **GRANTS** Defendants' Motion to Preserve Evidence. The Government shall preserve any unproduced evidence, including, but not limited to, agent communications pertaining to this case and any notes taken at the time of the alleged incident, so that it may be produced at a later time should Defendants successfully move for its disclosure.

C.      **Motion to Participate In and Conduct *Voir Dire* (Docs. 131, 191)**

As stated at the hearing, the Court will follow Judge Lisa Godbey Wood's standard *voir dire* practice and procedure. (Doc. 212.) Under Local Criminal Rule 32.1, counsel participates in *voir dire* by submission of proposed *voir dire* questions at least seven (7) days before jury selection, and then Judge Wood allows there to be some follow-up from counsel. Accordingly, the Court **DISMISSES as moot** Defendants' Motion to Participate In and Conduct *Voir Dire.*

D.      **Motion for Reciprocal Discovery (Doc. 189)**

After disclosing information to Defendants in compliance with Federal Rule of Criminal Procedure 16(a)(1), the Government seeks a reciprocal discovery disclosure by Defendants. (Doc. 189.) Defendants do not oppose this request but stated at the hearing that they have no evidence to presently disclose. (Doc. 212.) Through their counsel, Defendants averred that they will timely produce evidence to the Government as they come to possess it and know of its relevance to their defense. The Government seeks a date certain, set by the Court, for Defendants to provide a meaningful disclosure of discovery more than ten (10) days prior to trial. (Id.) After careful consideration, the Court **GRANTS** the Government's request; Defendants shall produce any and all discovery required to be produced under Federal Rule of Criminal Procedure 16 to the Government, to the extent that it is known to them, no less than **forty-five (45) days** before the trial date set in this case.

**SO ORDERED**, this 15th day of August, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA