# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| | *   CASE NO.: 2:18-cr-22 |
| v. | * |
| | * |
| STEPHEN MICHAEL KELLY, et al., | * |

### O R D E R

The Government and Defendants filed several pretrial motions, notices, objections, and supporting memoranda related to Defendants' affirmative defenses and the scope of evidence to be presented at trial.  See Dkt. No. 637.  The Magistrate Judge issued an Order ruling on those filings, ordering that at trial Defendants may not assert the following defenses : justification, necessity, the Religious Freedom Restoration Act, the First Amendment, or that nuclear weapons are illegal under international law or domestic law.  Id.  The Magistrate Judge also denied Defendants' motions to take judicial notice of certain facts related to these defenses.  Id.  The Magistrate Judge further ruled that Defendants' religious and moral beliefs are not relevant to the intent requirements of the offenses charged against Defendants in this action.  The Magistrate Judge denied the portion of the Government's motion in limine seeking

to exclude all evidence relating to the lethality of nuclear weapons, the presence of such weapons at Naval Submarine Base Kings Bay, monitoring of alarm systems, the size and location of security teams, and the policies and procedures governing the use of force on Kings Bay.

Defendants objected to and moved for reconsideration of the Magistrate Judge's Order.  Dkt. Nos. 640, 649, 654, 655, 660, 661, 665, 666, 669, 670.  In their Objections, Defendants also asked, in the alternative, whether certain witnesses would be permitted to testify and whether any witnesses would be permitted to testify on certain topics (e.g., religion and the immorality or illegality of nuclear weapons) if the Magistrate Judge's Order were affirmed.

The Court held a pretrial conference in the matter on October 16, 2019.  At that conference, the Court directed the parties to meet and confer regarding the witnesses and topics Defendants described in their Objections to the Magistrate Judge's Order, and to inform the Court if the parties could reach any agreement about those witnesses and topics.  The parties complied with that directive but were unable to reach any agreements.  Defendants have filed additional briefing on these issues.  Dkt. Nos. 672, 673, 677, 679, 680, 681, 682, 683, 684, 686.  The Court also ordered the Government to file any response to the Defendants' Objections to the Magistrate Judge's

AO 72A
(Rev. 8/82)

Order, and it has now done so. Dkt. No. 678. One Defendant filed a reply brief related to these issues. Dkt. No. 685. Thus, Defendants' Objections to the Magistrate Judge's Order, as well as their requests for direction on whether certain witnesses may testify and the permissible areas of testimony, are now ripe for review.

## DISCUSSION

### I. Defendants' Objections and Motions for Reconsideration

A district judge must consider a party's timely objections to a magistrate judge's order on a pretrial matter. See 28 U.S.C. § 636(b)(1)(A). Here, all objections were made in a timely manner. The Court has undertaken a de novo review of all matters to which objections were made. Based on this review, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation and **ADOPTS** the Report and Recommendation, dkt. no. 637, with respect to the parties motions. Specifically, the Court finds as follows:

1. The Government's objection, dkt. no. 613, to Defendants' Notices of Intent to Raise a defense under the RFRA, dkt. nos. 532, 546, 560, 551, 570, 581, 592, is **SUSTAINED**.

2. The Defendants' Motion in Limine on the application of the RFRA to the statutory element of the offenses, dkt. no. 540, 541, 556, 566, 572, 588, 584, is **DENIED**.

3

3. The Government's objection, dkt. no. 613, to Defendants' Notices of Intent to raise a defense under the First Amendment, dkt. no. 536, 539, 555, 565, 568, 579, 587, is **SUSTAINED**.

4. The Government's Motion in Limine, dkt. no. 530, is **GRANTED IN PART**. That portion of the Government's motion seeking to exclude evidence related to affirmative defenses of justification or necessity is **GRANTED**. However, the government's motion under Rule 401 of the Federal Rules of Evidence seeking to exclude all evidence relating to the lethality of nuclear weapons, their presence on Kings Bay, monitoring of alarm systems, the size and location of security teams, and policies and procedures governing the use of force on Kings Bay is **DENIED**. Pursuant to the Magistrate Judge's findings, Defendants shall be permitted to introduce such evidence if they "demonstrate some permissible purpose under the Federal Rules of Evidence[]and such evidence is admissible under the Rules," dkt. no. 637 at 22–23.

5. The Government's objection, dkt. no. 613, to Defendants' Notices of Intent to raise the defense of necessity, dkt. nos. 542, 544, 557, 561, 573, 583, 589, is **SUSTAINED**.

4

Additionally, "[a]lthough no statute or rule expressly provides for the filing of a motion for reconsideration in criminal cases, federal district courts necessarily have substantial discretion in ruling on motions for reconsideration." United States v. Brown, No. CR114-025, 2014 WL 6616997, at *1 (S.D. Ga. Nov. 21, 2014) (citing United States v. Saintvil, No. 1:12-cr-285, 2013 WL 6196523, at *2 (N.D. Ga. Nov.27, 2013)). "Courts have largely relied on the standards applicable to motions for reconsideration in civil cases to adjudicate reconsideration motions in criminal cases." United States v. Sabooni, No. 09-20298-CR, 2014 WL 4385446, at *1 (S.D. Fla. Sept. 4, 2014) (citing United States v. Pugh, 426 F. App'x 876, 876 (11th Cir. 2011) (noting that the same standard of review applies to orders on both criminal and civil motions to reconsider)). "The appropriate grounds for granting reconsideration include: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice." Brown, 2014 WL 6616997, at *1 (citing United States v. Sabooni, No. 09-20298-CR, 2014 WL 4385446, at *1 (S.D. Fla. Sept. 4, 2014)). In the criminal context, "motions to reconsider . . . should not simply rehash previously litigated issues and must be used sparingly." Sabooni, 2014 WL 4385446, at *1 (internal citation and punctuation omitted).

5

Defendants' filings do not state the precise grounds upon which they seek reconsideration, but could, at most, be construed to argue that the Magistrate Judge's Order was based on clear error or manifest injustice.  However, Defendants do not meet the standard and instead seek to "rehash" previously litigated issues.  Defendants do not point to any error or manifest injustice. The Court **DENIES** Defendants' Motions for Reconsideration.

## II. Issues for Which Defendants seek Clarification

Additionally, Defendants ask for guidance on the following issues:

   A.   Whether Defendants may put on three previously identified expert witnesses;

   B.   Whether Defendants may ask the Government's witnesses about religion and the immorality and illegality of nuclear weapons; and

   C.   Whether Defendants may discuss religion and the immorality and illegality of nuclear weapons during direct examination, cross examination of Codefendants, and their opening and closing statements.

Basically, the Defendants contend that all such evidence is admissible and appropriate to argue about, while the Government contends that none of it is. As set forth below, some of the evidence is admissible and is proper to reference in opening statements and closing arguments.

In light of the Court's rulings set forth above, Defendants' individual religious and moral beliefs concerning

6

nuclear weapons and their beliefs about the illegality of nuclear weapons are not relevant to any of the essential elements of the offenses charged or any apparent affirmative defense that Defendants can assert at trial. However, Defendants correctly point out that it would be difficult to address the evidence and describe their course of conduct without reference to religion.  That is, given the nature of Defendants' alleged conduct, including the specific content of the alleged vandalism, such information is relevant and admissible as background information. See Conway v. Chem. Leaman Tank Lines, Inc., 525 F.2d 927, 930 (5th Cir. 1976) ("The policy of the [Federal Rules of Evidence] is one of broad admissibility, and the generous definition of 'relevant evidence' in Rule 401 was specifically intended to provide that background evidence . . . is admissible."), *on reh'g*, 540 F.2d 837 (5th Cir. 1976); United States v. Lepore, No. 1:15-CR-00367, 2016 WL 4975237, at *5 (N.D. Ga. Sept. 19, 2016); Paul F. Rothstein, Federal Rules of Evidence Rule 401 (3d ed. Dec. 2015) ("Evidence whose only function is to enable the jury to place the parties and events against a background may not precisely fit the words of the Rule, but is nonetheless liberally allowed.").

While such background information is admissible under Rules 401 and 402, it is necessarily limited by Rule 403 and must be excluded where its probative value is substantially outweighed

7

by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Finally, although Defendants' *subjective* beliefs about the illegality of nuclear weapons may be relevant background information, whether nuclear weapons are *actually* illegal under international or domestic law (a doubtful proposition) is not relevant or an appropriate issue to litigate in this case.  With these principles in mind, the Court addresses each of Defendants' requests for clarification.

### A. Whether Defendants may call three expert witnesses (Professor Francis Boyle, Professor Jeannine Hill Fletcher, and Bishop Joseph R. Kopacz) at trial.

Defendants assert Professor Francis Boyle would testify as an expert in international law, foreign policy, and the laws of war.  Defendants contend Professor Boyle would assist the jury in understanding "the reasonableness of [Defendants'] beliefs and why their conduct was not authorized by law, not willful, and not malicious" and "whether or not [Defendants] had a good faith belief that they were not violating the law when a statute contains a requirement of willfulness."  Dkt. No. 552, pp. 2-6.  In short, Defendants contend Professor Boyle would be able to tell the jury that nuclear weapons are illegal under international law and domestic law, and, therefore, Defendants acted reasonably and in good faith in committing the charged offenses.

8

Professor Boyle will not be permitted to testify at trial. The suggested testimony of Professor Boyle is not appropriate lay or expert testimony in this case. Professor Boyle would testify about an issue of law—the illegality of nuclear weapons— which is the province of the Court, not a witness, expert or otherwise. Moreover, Defendants are precluded from asserting a defense based on the illegality of nuclear weapons, which renders Professor Boyle's testimony wholly irrelevant. To the extent Professor Boyle would testify that Defendants were justified, reasonable, or acting in good faith based on their understanding of the illegality of nuclear weapons, such testimony would not be helpful to the jury because, even if true, the Defendants' belief that nuclear weapons are illegal is not a defense to the charges here. See United States v. Urfer, 287 F.3d 663, 666 (7th Cir. 2002) (holding defendant's reliance on advice of counsel was no defense to charge under 18 U.S.C. § 1361).

Defendants assert Professor Jeannine Hill Fletcher would testify that Defendants' actions were based on sincerely held religious beliefs in the context of their Catholic faith. Dkt. No. 552, pp. 6-11. Although Defendants' subjective religious beliefs are relevant background information, Professor Hill Fletcher's testimony goes far beyond providing context or background. The presentation of an expert in Catholic theology

9

at trial would incorrectly suggest to the jury that Defendants' subjective religious beliefs are a defense to the charges against them.  Therefore, any probative value to Professor Hill Fletcher's testimony would be substantially outweighed by dangers of confusion, misleading the jury, wasting time, and undue delay.  Professor Hill Fletcher will not be permitted to testify at trial.

Defendants assert Bishop Kopacz's testimony is "essential to the defense in this matter under RFRA."  Id. at p. 12.  Defendants are not permitted to raise a RFRA defense at trial, and Defendants have articulated no other need for Bishop Kopacz's testimony.  Therefore, Bishop Kopacz will not be permitted to testify at trial.

> **B. Whether Defendants may ask the Government's witnesses about religion and the immorality and illegality of nuclear weapons.**

As noted above, Defendants' subjective beliefs about religion and the immorality and illegality of nuclear weapons are relevant background information, but the Government's witnesses' beliefs about these issues are not.  The Court can discern no relevance whatsoever as to a Government witness's beliefs on these topics, and, absent an articulable theory of relevance, Defendants will not be permitted to ask such questions.

10

To be clear though, Defendants are not categorically precluded from discussing the topic of religion when cross-examining the Government's witnesses.  For example, a Defendant may ask a Government witness who investigated the scene of the alleged vandalism if the witness identified any religious symbols at the scene.  This sort of questioning relates to relevant background information and is, therefore, proper.

### C. Whether Defendants may discuss religion and the immorality and illegality of nuclear weapons during direct examination, cross examination of Codefendants, and their opening and closing statements.

Defendants' subjective beliefs about religion and the immorality and illegality of nuclear weapons are relevant background information, and, therefore, discussion of these topics during direct examination of a Defendant, cross-examination of a Codefendant, and during opening and closing statements is permitted.  However, testimony and argument on these topics will be limited under Rule 403.  While there is some probative value to such background information, the probative value is low.  To the extent testimony and argument on these topics creates the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, and that danger outweighs the relatively low probative value of the background information, the Court will exclude such testimony or argument on the topic.  Therefore, Defendants should limit their

11

testimony and argument about their subjective beliefs about religion and the immorality and illegality of nuclear weapons to only that which explains to the jury the context of Defendants' actions.

## CONCLUSION

Based on the foregoing, the Court **OVERRULES** Defendants' Objections to the Magistrate Judge's Order and **DENIES** Defendants' Motions for Reconsideration. The Court **CLARIFIES** the matters Defendants may discuss during the trial of this case and the manner in which those matters may be raised as set forth above.

**SO ORDERED**, this   18th   day of   October  , 2019.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

12

AO 72A
(Rev. 8/82)